UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JOHNNY ALVAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00196-TWP-DML |
| | ) | |
| SHEILA HARRISON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Johnny Alvarez, a pretrial detainee at the Jefferson County Jail ("the Jail"), filed this action pursuant to 42 U.S.C. § 1983 on September 17, 2019. Because Mr. Alvarez is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

## I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Alvarez are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### II. The Complaint

The complaint names three defendants: (1) Jail Commander Sheila Harrison, (2) Sheriff Dave Thomas, and (3) Jefferson County. He seeks compensatory damages and the termination of the defendants' employment.

The complaint alleges that on April 11, 2019, Ms. Harrison placed Mr. Alvarez in administrative segregation due to a fight that occurred in February 2019 and for having a cell phone. Mr. Alvarez denies participating in the fight and having a cell phone, and he alleges he never received a write-up or a disciplinary hearing, nor was he served a warrant for a crime. He was stripped of his belongings—including religious materials and legal materials—when placed in segregation.

Mr. Alvarez alleges that Ms. Harrison and Sheriff Thomas violated his Fifth and Fourteenth Amendment rights to due process by placing him in segregation without providing him a disciplinary report or hearing.

Mr. Alvarez further alleges that Ms. Harrison deprived him of his Eighth Amendment rights by not giving him any cleaning supplies, denying hygiene supplies from April 11, 2019, to April 28, 2019, not allowing him to shave for three months, and denying him the use of hair clippers while in segregation.

Mr. Alvarez alleges Ms. Harrison and Sheriff Thomas violated his Fourteenth Amendment rights by never holding any periodic reviews of his segregation status. He alleges that Ms. Harrison told him via the grievance process that he was not getting out of segregation. He alleges the

prolonged confinement caused him mental and emotional harm, and that she harmed his family relationships by denying him visitation.

Mr. Alvarez alleges Ms. Harrison violated his First Amendment rights by confiscating his religious materials and not returning them to him, depriving him of his religious freedom and right to practice his religion.

Mr. Alvarez also alleges that Jefferson County and Sheriff Thomas failed to oversee the employees who caused him harm by hiring unqualified people and failing to adequately train staff. The Court construes this claim as alleging that Sheriff Thomas and Jefferson County had a policy or practice of hiring unqualified individuals and failing to train them. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978).

### III. Discussion of Claims

Mr. Alvarez's Eighth Amendment claims shall be construed as Fourteenth Amendment claims. This is because Mr. Alvarez's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, –– U.S. ––, 135 S.Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). Thus, the following Fourteenth Amendment claims **shall proceed** against the defendants as alleged above: his initial placement in segregation without a written report or hearing, and his continued placement in segregation without periodic review against Ms. Harrison and Sheriff Thomas, and the conditions of his placement as it relates to hygiene and access to cleaning supplies against Ms. Harrison.

Mr. Alvarez's First Amendment religious freedom claim against Ms. Harrison also **shall proceed.**

Any claim asserted pursuant to the Fifth Amendment is **dismissed** for failure to state a claim, because only state action, not action by the federal government, is alleged here. *Jackson v. Byrne*, 738 F.2d 1443, 1446 (7th Cir. 1984).

Mr. Alvarez's failure to train claim is **dismissed** as it relates to Jefferson County. In Indiana, the county is not a proper defendant for actions of the Sheriff's Department, because the county has no authority over the Sheriff or his deputies. *Estate of Drayton v. Nelson*, 53 F.3d 165, 167-68 (7th Cir. 1994); *see also Weatherholt v. Spencer County*, 639 N.E.2d 354, 357 n.2 (Ind. Ct. App. 1994) ("[T]he sheriff is not a representative of the county but he holds a separate office created by the Indiana Constitution."). That claim **shall proceed** only against Sheriff Thomas in his official capacity. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (noting suing an individual in his official capacity "is another way of pleading an action against an entity of which the officer is an agent.").

This summary of claims includes all of the viable claims identified by the Court. If Mr. Alvarez believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through January 9, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to **issue process** to defendants Harrison and Thomas in the manner specified by Rule 4(d) and to **terminate** Jefferson County as a defendant. Process shall consist of the complaint filed on September 17, 2019, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 12/10/2019

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHNNY ALVAREZ
272911 D5-254
PLAINFIELD - REENTRY
501 West Main Street
Plainfield, IN 46168

Jail Commander Sheila Harrison
317 Walnut St.
Madison, IN 47250

Sheriff Dave Thomas
317 Walnut St.
Madison, IN 47250